UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:22-CR-409 (APM) |
| : | |
| ERIC CLARK, : | |
| Defendant. : | |

## MOTION FOR DISCOVERY CONFERENCE

It has come to the attention of undersigned counsel that the defendant, Eric Clark, maintains a page on X (formerly known as Twitter) to which he has posted and continues to post a significant amount of January 6 video footage.

The United States hereby respectfully asks this Court to set a discovery conference at the Court's earliest convenience. The government asks the Court to inquire of the defendant as to the source of the videos posted to his Twitter page to ensure that none of the posts violate the Protective Order, to inform the defendant that he is bound by the Protective Order, and to admonish the defendant about the possible consequences of violating the Protective Order.

The defendant appears to maintain a page on Twitter at the following address: twitter.com/guyfaux98637517. The page displays the defendant's mugshot photo as an avatar image and refers to the author as "Eric Clark (J6anon)." *See* Image 1. The page contains hundreds, if not thousands, of posts, most of which relate to January 6. The great majority of the posts contain videos, including footage from U.S. Capitol Police Closed Circuit T.V. ("CCTV"), police body worn cameras, and open-source videos. In a recent post, the defendant claims to have posted 2000 videos related to January 6. *See* Image 2.



*Images 1 and 2*

Notably, much of the footage the defendant has posted appears to have come from CCTV cameras. CCTV footage that has not been vetted and approved for release by the U.S. Capitol Police is deemed "Sensitive" or "Highly Sensitive" under the Protective Order entered in this case (*see* Doc. 13 at 1-2) because of its potential to reveal information that could negatively impact the security of the U.S. Capitol building and those inside.

It is unclear whether the U.S. Capitol Police have appropriately vetted or approved for release any of the videos defendant has posted, or whether the videos are deemed Sensitive under the Protective Order. It is also unclear by what means the defendant acquired the videos.[1]

Further, the defendant appears to be trying to make money through his postings. He has solicited donations in multiple posts, including asking the public to "help me continue my work," referring to himself as a "J6 investigator," and posting links to a givesendgo.com page, a Cash App account, and a Venmo account. *See* Image 3. He also includes links to those accounts in his bio at

---

[1] Because of the sheer quantity of videos the defendant has posted, it would be impractical for the government or undersigned counsel to attempt to determine whether each one of the defendant's many postings violates the Protective Order.

2

the top of his Twitter page. His givesendgo.com page alone shows that he has raised more than $11,000 to date. *See* Image 4.



*Images 3 and 4*

The defendant also apparently believes that the Protective Order does not apply to him. In an email recently exchanged with undersigned counsel he stated, "I have signed no protective order and therefore have violated no protective order." *See* Image 4. It appears the defendant believes that, because he refused to sign the acknowledgement page of the Protective Order, that he is not subject to the obligations of the Protective Order.



*Image 5*

That could not be further from the truth. The Protective Order is a lawful order of this Court, and the defendant must abide by it whether he agrees with it or not, including its repercussions if he were to violate it by posting sensitive material to a public forum.

WHEREFORE, the United States respectfully requests that this Court grant this motion, set a discovery conference at the Court's earliest convenience, inquire of the defendant as to the source of the videos posted to his Twitter page, inform the defendant that he is bound by the Protective Order, and admonish the defendant about the possible consequences of violating the Protective Order.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     /s/ *Eric W. Boylan*

4

Eric W. Boylan
Assistant United States Attorney
Texas Bar No. 24105519
Phone: 202-815-8608
Email: Eric.Boylan@usdoj.gov
601 D Street NW
Washington, D.C. 20001

*/s/ Adam M. Dreher*
Adam M. Dreher
Assistant United States Attorney
Mich. Bar No. P79246
Phone: 202-252-1706
Email: adam.dreher@usdoj.gov
601 D Street NW
Washington, D.C. 20530