UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:22-CR-409 (APM) |
| | : | |
| ERIC CLARK, | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION FOR TRIAL CONTINUANCE

The United States hereby respectfully opposes defendant Eric Clark's motion to continue the trial.

1. This case is set to proceed to trial on January 29, 2024. Trial has been scheduled to occur in the month of January 2024 since the Court originally set a trial date on August 7, 2023.[1]

2. The defendant has been representing himself *pro se* in this matter since November 17, 2022, more than a year ago. *See* Minute Entry, 11/17/2022. Since he made that choice, he has represented himself at no less than eight (8) conferences or hearings before the Court.

3. At the hearing where Mr. Clark chose to proceed *pro se*, Magistrate Judge Harvey admonished him extensively about the dangers of representing himself pursuant to the Supreme Court's decision in *Faretta v. California*, 422 U.S. 806 (1975).

4. The court specifically warned Mr. Clark about the precise set of circumstances now at hand. The court told him that if he chose to reconsider his decision to represent himself, that he needed to do so in a timely fashion and that a request to change counsel on the eve of trial might be denied:

---

[1] On October 11, 2023, the Court moved the trial date to the current setting of January 29, 2024, from January 8, 2024, the original trial date.

1

> THE DEFENDANT: Am I also correct in assuming, Your Honor, that within a timely period, if I see where you're coming from and decide that maybe I do need counsel or standby counsel, I can make a motion to you to allow me to move forward at that point with counsel? This isn't a permanent decision --
> THE COURT: Right.
> THE DEFENDANT: -- but it's a decision I need to make in a timely manner.
> THE COURT: This is my response: You have to make it in a timely manner. Your attempt to do that on the eve of trial may well be denied. Okay?

Hrng. Transcript 11/17/2022, 12:3-14, a copy of which is attached hereto as **Exhibit A**.

5. Now, less than a month from the beginning of trial, Mr. Clark has changed his mind. In his Motion to Continue (Doc. 89), he says he wants to retain an attorney, although he does not identify who that attorney will be, and he asks the Court to delay the trial to accommodate that attorney's schedule.

6. Although Mr. Clark has the right to select his attorney, that right is not absolute. *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) ("The right to retain counsel of one's own choice is not absolute."). "[T]he right to choice of counsel is distinct from the right to adequate assistance of counsel. The fact that one is infringed does not indicate one way or the other whether the other is infringed." *Id.*

7. Mr. Clark's right to counsel of his choosing does not override the efficient administration of justice. *Id.* ("[The right to counsel] cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.").

8. A trial continuance is a purely discretionary matter with the Court. *Id.* ("It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse.").

9. Where a request for a continuance is based on a defendant's desire to change counsel, particularly at the eleventh hour before trial, a Court has no obligation to grant one. *Id.*

("[C]ontinuances to enable defendants to select counsel need not be granted where the orderly procedures of the court will be disrupted[.]"). Indeed, "a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing[.]" *United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir. 1997).

10. Specific to *pro se* defendants, multiple federal courts of appeals have held that a court need not grant a continuance on the doorstep of trial when a defendant "gets cold feet" and revokes his desire to represent himself. *See, e.g., United States v. Merchant*, 992 F.2d 1091, 1095 (10th Cir. 1993) ("A criminal defendant has a constitutional right to defend himself; and with rights come responsibilities. If at the last minute he gets cold feet and wants a lawyer to defend him he runs the risk that the judge will hold him to his original decision in order to avoid the disruption of the court's schedule that a continuance granted on the very day that trial is scheduled to begin is bound to cause."), *United States v. Woodard*, 291 F.3d 95 (1st Cir. 2002) ("A district court may refuse a defendant's request to withdraw from self-representation after a valid waiver if a defendant seeks counsel in an apparent effort to delay or disrupt proceedings on the eve of trial, or once trial is well underway.").

11. While Mr. Clark certainly has a right to enlist the counsel of his choosing, that right is not so "absolute" as to allow him to change his mind on the eve of trial and demand a continuance to accommodate him. Mr. Clark made the choice to represent himself more than a year ago and has proceeded under that decision for repeated court hearings, filings, and discovery events ever since.

12. At no point has Mr. Clark hinted that he might want to retain an attorney—until now. With only 25 days until his trial is set to begin, Mr. Clark now wishes to change his mind. A continuance to accommodate his late change is not warranted and the Court should deny the

3

request. There is no compelling reason to grant such a continuance, and granting one would "disrupt[]" the "orderly procedures" of the Court. *See Burton*, at 489.

13.  Even if the Court were to grant a continuance at this late stage, there is no way to know that it would have the intended effect of allowing an attorney adequate time to prepare Mr. Clark's case. Mr. Clark has not named the attorney who he proposes to represent him, and he does not offer a schedule for that attorney. There is no way to know whether, if the trial were to be continued, that any amount of time would be enough for the attorney to prepare, or if the attorney would be available on some new trial date in the future.

14.  Moreover, the Court has already appointed Mr. Machado, a seasoned and experienced lawyer in this Court, to represent Mr. Clark in a stand-by capacity. Mr. Machado joined this case on September 19, 2022, and has acted as stand-by counsel since Mr. Clark went *pro se* more than a year ago on November 17, 2022. He has also been copied on every discovery production that has been made. To the extent Mr. Clark wishes to have the representation of an attorney, one is already by his side. Mr. Machado could adequately represent Mr. Clark.

WHEREFORE, the United States respectfully requests that this Court deny the defendant's motion for a continuance of trial and proceed with the trial as scheduled beginning on January 29, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:  /s/ *Eric W. Boylan*
Eric W. Boylan
Assistant United States Attorney
Texas Bar No. 24105519
Phone: 202-815-8608

Email: Eric.Boylan@usdoj.gov
601 D Street NW
Washington, D.C. 20001

Adam M. Dreher
Assistant United States Attorney
Mich. Bar No. P79246
Phone: 202-252-1706
Email: adam.dreher@usdoj.gov
601 D Street NW
Washington, D.C. 20530