UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal No. 22-cr-409 (APM) |
| | ) | |
| **ERIC DOUGLAS CLARK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Eric Douglas Clark moves to continue his trial, scheduled for January 29, 2024, so that he can secure counsel. *See* Def.'s Motion to Continue, ECF No. 89 [hereinafter Def.'s Mot.]. The motion is denied because Defendant has not established good cause for a continuance.

While the Sixth Amendment recognizes a criminal defendant's right to seek a continuance to retain or replace counsel, that right is not absolute. *See United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). Instead, district courts must carefully balance a defendant's right to select his own counsel "against the public's interest in the orderly administration of justice." *Id.* ("It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse.").

Defendant has been representing himself in the present action since the *Faretta* hearing held before Magistrate Judge Harvey on November 17, 2022. Minute Entry, Nov. 17, 2022; *Faretta* Hearing Tr., ECF No. 90-1. At that hearing, Judge Harvey admonished Defendant about the dangers of representing himself in a criminal action. *See Faretta* Hearing Tr. at 3–15. Judge Harvey also warned Defendant that if he chose to reconsider his decision to proceed *pro se*, he

must do so in a timely manner and "that an attempt to [retain counsel] on the eve of trial may be denied." *Id.* at 12.

Since then, Defendant has received ample time and opportunity to prepare for trial. The court set the first trial date of January 8, 2024, on August 7, 2023, *see* Pretrial Order, ECF No. 68, and then reset it to the present date of January 29, 2024, on October 11, 2023, *see* Am. Pretrial Order, ECF No. 76. Defendant could have hired counsel or asked the court to appoint one during this time, but he did not do either. In fact, his resolve to represent himself has not wavered until this present motion, which seeks to delay the trial for six months. Def.'s Mot. at 6. But the court need not acquiesce to Defendant's belated request to retain counsel when it "will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." *Burton*, 584 F.2d at 489; *see also United States v. Merchant*, 992 F.2d 1091, 1095 (10th Cir. 1993) ("A criminal defendant has a constitutional right to defend himself; and with rights come responsibilities. If at the last minute he gets cold feet and wants a lawyer to defend him he runs the risk that the judge will hold him to his original decision in order to avoid the disruption of the court's schedule that a continuance granted on the very day that trial is scheduled to begin is bound to cause.")

Moreover, Defendant claims that multiple counsel have recently indicated a willingness to represent him pro bono, Def.'s Mot. at 6, but he does not include a statement from any such counsel or identify who they might be. Because Defendant has not shown good cause to delay trial a mere three weeks before it is scheduled to begin, his motion is denied.

Amit P. Mehta
United States District Court Judge

Dated: January 8, 2024