UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Criminal No. 22-cr-409 (APM) |
| **ERIC DOUGLAS CLARK,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

**ORDER**

With respect to the outstanding pretrial motions in this matter, the court rules as follows:

1. Defendant's Motion to Change Venue, ECF No. 49, is denied. This court previously denied a similar motion in a January 6 case that commanded far more media attention than this one. *See United States v. Rhodes*, 610 F. Supp. 3d 29, 56–59 (D.D.C. 2022). The reasons for refusing to change venue in *Rhodes* apply with even greater force here.

2. Defendant's Motion for Dismissal, ECF No. 51, is denied. Defendant has not been denied a speedy trial. The court has appropriately excluded time at various intervals, largely to enable Defendant, who is proceeding pro so, sufficient time to review voluminous discovery and prepare for trial. Defendant has consented to exclude time throughout. Insofar as he claims a *Brady* violation, Defendant offers nothing concrete to support that contention. *See* ECF No. 51 at 1. He does not even identify the categories of evidence that, in his view, qualify as *Brady* material, thereby making it impossible for the court to evaluate whether any exculpatory evidence has been withheld.

3. The United States' unopposed Motion *in Limine* Regarding Evidence about the Specific Locations of U.S. Capitol Police Surveillance Cameras," ECF No. 79, is granted.

Defendant has not offered any reason why the location of any surveillance camera is relevant to any element or defense. *See United States v. Baez*, No. 21-cr-0507 (PLF), 2023 WL 6364648, at *5 (D.D.C. Sept. 29, 2023).

4. The United States' unopposed *Motion in Limine* Regarding Cross-Examination of Secret Service Witness, ECF No. 80, is granted. Defendant has not offered any reason why Secret Service protocols or the particulars of Secret Service details are relevant to any element or defense. *See Baez*, 2023 WL 6364648, at *6.

5. The United States' unopposed Motion *in Limine* to Preclude Improper Defense Arguments, ECF No. 81, is granted. Defendant may not argue that his statements and actions regarding January 6 were protected by the First Amendment. *See Baez*, 2023 WL 6364648, at *8. Nor will the court permit Defendant to argue that he is the victim of selective prosecution. Defendant also cannot encourage jury nullification. *See id.* at *9. Finally, Defendant has made no proffer to support an entrapment-by-estoppel or public authority defense. *See id.* at *6–7 (citing cases); Fed. R. Crim. P. 12.3 (requiring notice of a public authority defense).

6. The United States' unopposed Motion *in Limine* Regarding Video Montage Evidence, ECF No. 82, is granted as a general matter. The montage video is admissible as a summary exhibit under Federal Rule of Evidence 1006, as well as a pedagogical device under Rule 611(a), *see United States v. Bray*, 139 F.3d 1104, 1111–12 (6th Cir. 1998). However, to ensure that no portion of the montage is excludable under Rule 403, the government should be prepared to play the exhibit at the pretrial conference.

7. The United States' unopposed Motion *in Limine* Regarding Video Montage Evidence, ECF No. 83, is denied without prejudice. Based on the court's past experience, the over 15-minute montage is likely to contain portions that are excludable under Rule 403. At the pretrial

conference, the government should be prepared to discuss what portions of the montage, if any, are relevant to Defendant's alleged conduct.

8. Defendant's Motion *in Limine*, ECF No. 88, is denied. The court reads Defendant's motion to seek permission to assert an entrapment defense. "A successful entrapment defense requires two elements: 'government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct.'" *United States v. Sumlin*, 271 F.3d 274, 283 (D.C. Cir. 2001) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)). "Thus, a defendant must first show that he was induced by the government to commit a crime that he would not have otherwise committed." *Id.* "A defendant will succeed at this step if he 'comes forward with *some evidence* of government' inducement." *Id.* (quoting *United States v. Burkley*, 591 F.2d 903, 913 (D.C.Cir.1978) (emphasis added)). Only if a defendant is successful at this stage does the burden shift to the government "to disprove entrapment by demonstrating beyond a reasonable doubt that the defendant was predisposed to commit the crime." *United States v. Budd*, 23 F.3d 442, 445 (D.C. Cir. 1994).

Here, Defendant's motion contains no evidence that would suggest the government induced him to commit the charged offenses. The closest he comes to an offer of proof is made in a different filing, his motion to continue trial. *See* Def.'s Mot. to Continue, ECF No. 89, at 2. There, he contends that, while on the U.S. Capitol steps on January 6, James Ray Epps, Sr. approached him and said, "Semper Fidelis Devil Dog, we have to hold the crowd back a little bit longer or they are going to fuck up the plan." *Id.* But this interaction with Epps is not "some evidence" of inducement. Defendant offers no evidence to suggest that Epps was a government agent. Nor does he explain how Epps's words induced him to violate the law. Defendant's continuance motion describes his actions that day at length, but none can reasonably be said to

have been "induced" by his brief interaction with Epps. Because he has not made a sufficient proffer that would support the defense of entrapment, Defendant may not present any evidence or make any argument suggesting that the government induced him to commit the charged offenses.

Dated: January 17, 2024

Amit P. Mehta
United States District Court Judge

4