UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 22-cr-409-APM |
| v. | : | |
| | : | |
| ERIC DOUGLAS CLARK, | : | |
| | : | |
| Defendant. | : | |

**OPPOSTION TO DEFENDANT'S MOTION FOR NEW TRIAL**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully opposes Eric Douglas Clark's motion for a new trial as it was filed untimely. Alternatively, the defendant's motion should be denied as the interests of justice do not require this Court to reconsider each of its earlier rulings related to the trial of Mr. Clark.

**I.  Procedural background.**

Following Mr. Clark's participation in the events at the United States Capitol on January 6, 2021, a four-count information was filed with this Court on December 19, 2022. *See* ECF No. 56. Trial on Mr. Clark's criminal actions began January 29, 2024. On January 31, 2024, the jury returned verdicts of guilty on each of the four crimes charged. ECF No. 115. This Court set Mr. Clark's sentencing date for June 7, 2024.

On February 16, 2024, Mr. Clark filed a motion for a new trial based on six enumerated grounds. ECF No. 117. None are grounded on newly discovered evidence.

**II.  The motion filed by Mr. Clark is untimely.**

Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if *the interest of justice so requires*." Fed. R. Crim. Pro. 33(a) (emphasis added). But, "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within *14 days after the verdict or finding of guilty*." Fed. R. Crim. Pro.

33(b)(2) (emphasis added). Although this period is not jurisdictional, "This deadline is rigid." *Eberhart v. United States*, 546 U.S. 12, 13 (2005).

Because the verdict was entered by the Court on January 31, 2024, and Mr. Clark's motion was filed on February 16, 2024, the motion is untimely. Federal Rule of Criminal Procedure 45 instructs:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Crim. Pro. 45(a)(1). Counting fourteen days from January 31, 2024, and excluding that date, itself, Clark's motion for new trial must have been filed by February 14, 2024—a Wednesday. Mr. Clark filed his motion on February 16, 2024.

Under Fed. R. Crim. Pro. 45(b)(1), the Court "on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. Pro. 45(b)(1)(B). Mr. Clark's motion does not allege any reason for his failure to file his motion timely. This Court should deny Mr. Clark's motion for new trial as untimely.

### III.     Additionally, Mr. Clark's motion lacks merit.

Five of Mr. Clark's six enumerated grounds seek reconsideration of previously decided issues. The sixth wholly lacks merit.

Within his first ground Mr. Clark alleges that he was denied discovery. This is not true. Discovery continues to be added to the online databases because the global investigation into the riot at the Capitol on January 6, 2021, continues. But Mr. Clark does not identify any exculpatory evidence that has been added to these databases since his trial.

Even following his conviction, the government continued to provide notice of the files and information being added to the global discovery databases. Specifically, on February 2, 2024, a global production was made, and notice was provided to Mr. Clark and to Mr. Machado via email. This Court has ordered Mr. Clark to be granted access to those databases through standby counsel. *See* Minute Order dated February 8, 2023. The government has continued to comply with its discovery obligations. Mr. Clark has not been denied discovery.

Within Mr. Clark's second ground he alleges that he was denied the ability to present defenses, but those defenses were not based in fact. The government moved to limit these improper defenses, and its motion was unopposed. ECF No. 95 p.2. On January 17, 2024, this Court ordered, "Defendant may not argue that his statements and action regarding January 6 were protected by the First Amendment. . . . Finally, Defendant has made no proffer to support an entrapment-by-estoppel or public authority defense." *Id.* The interests of justice do not require a reconsideration of this Court's ruling.[1]

---

[1] Mr. Clark lists six subparts to the second ground for relief; however, each relate to rulings made during the trial itself. This Court excluded the proffered evidence based on Article Four of the Federal Rules of Evidence. "The Supreme Court has clearly instructed that 'rules excluding evidence from criminal trials . . . do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United*

3

Within Mr. Clark's third ground he alleges that he was required to take Mr. Machado as standby counsel. This issue was extensively considered by this Court—and rightly rejected—at the pretrial hearing that occurred on January 23, 2024.

Within Mr. Clark's fourth ground he alleges he was denied a speedy trial. The defendant was arraigned on the information on January 9, 2023. This Court found in the interests of justice that time under the Speedy Trial act be excluded:

- From January 9, 2023 to January 24, 2023. Minute Entry dated January 9, 2023.
- From January 24, 2023 to February 7, 2023. Minute Entry dated January 24, 2023.
- From February 8, 2023 to April 7, 2023. Minute Entry dated February 7, 2023.
- From April 7, 2023 to May 1, 2023. Minute Entry dated April 7, 2023.
- From May 1, 2023 to June 16, 2023. Minute Entry dated May 1, 2023.
- From June 17, 2023 to August 4, 2023. Minute Entry dated June 16, 2023.
- From August 4, 2023 to January 8, 2024. Minute Entry dated August 3, 2023.
- From January 8, 2024 to January 29, 2024. Minute Order dated October 13, 2023.

Mr. Clark's trial began on January 29, 2024. At no point during the pendency of Mr. Clark's case did he demand a speedy trial, nor does he explain how delay may have prejudiced his defense. "[T]he Supreme Court articulated a four-factor balancing test for determining whether a defendant has been deprived of this speedy trial right: the '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *United States v. Bikundi*, 926 F.3d 761, 779 (D.C. Cir 2019) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Mr. Clark's post-conviction assertion of his speedy-trial right does not warrant relief.

---

States v. Lathern*, 488 F.3d 1043, 1045-1046 (D.C. Cir. 2007) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)).

Within Mr. Clark's fifth ground he asserts he was denied the right to ask about a seven-month military occupation of Washington, D.C. This argument was not based in fact, nor was it relevant to the events of January 6, 2021. This Court rejected this same argument on January 29, 2024.

Within Mr. Clark's sixth and final ground he asserts that the government and this Court acted in a "complicit nature." This allegation of bias requires an affidavit stating the facts and reasons for the belief, and "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Additionally, "a trial judge is equally obligated *not* to recuse himself when the facts do not give fair support to a charge of prejudgment, as he is to excuse himself when the facts warrant such action." *United States v. Diorio*, 451 F.2d 21, 24 (2d Cir. 1971) (emphasis in original).

Even if this Court treated Mr. Clark's motion as an application under Section 144—and waived the certificate of counsel—the idea that 'no attempt was made to bring these individuals before the court' as the basis for a bias fails given that Mr. Clark's named "X.com user" is not the one subject to this Court's protective order and this Court's release order. Mr. Clark's final ground is frivolous.

IV. **Conclusion**

Mr. Clark does not provide a basis for a finding of excusable neglect in his untimely motion for new trial and it should be denied. Alternatively, this Court should deny Mr. Clark's motion for new trial as the interests of justice do not require this Court to reconsider its previous rulings.

    Respectfully Submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By: /s/ *Adam M. Dreher*
    ADAM M. DREHER
    Assistant United States Attorney
    Michigan Bar No. P79246
    601 D. St. N.W.
    Washington, D.C. 20530
    (202) 252-1706
    adam.dreher@usdoj.gov

    ERIC W. BOYLAN
    Assistant United States Attorney
    Texas Bar No. 24105519
    601 D. St. N.W.
    Washington D.C. 20530
    (202) 815-8608
    eric.boylan@usdoj.gov