UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:22-CR-409 (APM) |
| | : | |
| ERIC CLARK, | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION TO PERMIT SENTENCING BY VIDEO

The United States hereby respectfully opposes defendant Eric Clark's motion to hold his sentencing by videoconference.

1. This case is set to proceed to sentencing on June 7, 2024. The defendant has requested that the sentencing hearing be held by videoconference. *See* ECF 120.

2. Rule 43 permits federal courts to hold sentencings by video teleconference when, as here, the defendant has been convicted solely of misdemeanor offenses and the defendant consents in writing. Fed. R. Crim. P. 43(b)(2).

3. The 2011 amendment notes for Rule 43, however, emphasize the important intangible benefits that arise from holding an in-person hearing—particularly a sentencing—in a federal courtroom before a federal judge:

> The Committee recognized the intangible benefits and impact of requiring a defendant to appear before a federal judicial officer in a federal courtroom, and what is lost when virtual presence is substituted for actual presence. These concerns are particularly heightened when a defendant is not present for the determination of guilt *and sentencing*.

Fed. R. Crim. P. 43 advisory committee's note to 2011 amendment (emphasis added).

4.  These concerns are particularly heightened in a case like this one, where the defendant has contested his factual guilt throughout the case and put the government to its burden of proof at trial, and where the defendant has a long history of disregard for the rule of law. *See* PSR at ¶¶ 47-64 (showing Clark has had at least 14 separate criminal incidents with numerous convictions over a time span of more than twenty years).

5.  To impress upon the defendant the gravity of this important proceeding, the Court should hold the sentencing in person, with the defendant physically present in the courtroom, standing before a United States District Court Judge. Doing so will do more to achieve the "intangible benefits and impact" on the defendant than could be achieved through videoconferencing.

WHEREFORE, the United States respectfully requests that this Court deny the defendant's motion to hold the sentencing by videoconference and to proceed with the sentencing in person on June 7, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:  /s/ *Eric W. Boylan*
Eric W. Boylan
Assistant United States Attorney
Texas Bar No. 24105519
Phone: 202-815-8608
Email: Eric.Boylan@usdoj.gov
601 D Street NW
Washington, D.C. 20001

Adam M. Dreher
Assistant United States Attorney
Mich. Bar No. P79246
Phone: 202-252-1706
Email: adam.dreher@usdoj.gov