# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIM NO. 22-CR-409-APM |
| ERIC CLARK, | ) |
| | ) Judge: Mehta |
| | ) |
| Defendant. | ) Sentencing Date June 7, 2024 |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO PERMIT SENTENCING BY VIDEO

COMES NOW Eric Clark, and files the following reply to the government's response to the defendant's Motion to Permit Sentencing By Video. As reasons therefor, defendant states as follows:

1. The government indicates that this sentencing should occur in person to "impress upon the defendant the gravity of this important proceeding." Mr. Clark is already well aware of the gravity of the proceedings, as he, and not the government, will potentially be losing their liberty because of this matter. Mr. Clark has also been, since undersigned counsel has been in this matter (as either standby counsel or as counsel of record), taking his pretrial obligations seriously and has had no violations.

2. Mr. Clark is indigent, as counsel was appointed under the Criminal Justice Act. Travelling to Washington, D.C., will be an additional expense for Mr. Clark,

1

which, under the federal rules, is not necessary in order to have the sentencing in this misdemeanor matter occur. Further, the government has indicated that it would not object to Mr. Clark self-reporting. Accordingly, there is no absolute necessity for Mr. Clark to appear in person.

    3. In addition, the court's clerk has contacted the parties regarding moving the sentencing to an earlier time, to 8:30 a.m., on June 7, 2024. Mr. Clark has indicated to the court that he will not be able to make it in time given his current flight arrangements on that day. That rescheduling issue remains unresolved. However, if the matter occurs via video, Mr. Clark will be available at 8:30 a.m.

    4. Under Fed. R. Crim. Pro. 43(b), a defendant does not need to appear in person if "[t]he offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur by video teleconferencing[.]" As this was a jury trial, it makes absolute sense that the trial had to be in person. As the sentencing only involves the parties and court personnel, the need for an in-person proceeding is, respectfully, of *de minimis* variance or need.

    WHEREFORE, for the reasons stated above, Mr. Clark requests that his sentencing on June 7, 2024, be permitted to occur via video.

Respectfully submitted,

ERIC CLARK
By Counsel

/s/ John L. Machado
John L. Machado, Esq.
Bar. No. 449961
Counsel for Eric Clark
503 D Street, N.W., Suite 310
Washington, DC 20001
Phone: (703) 989-0840
E-mail: johnlmachado@gmail.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 19th day of May, 2024, which will send a notification of such filing (NEF) to the following to all counsel of record.

/s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Standby Counsel/Eric Clark
Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com

3