UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Criminal No. 22-cr-409 (APM) |
| **ERIC DOUGLAS CLARK,** | ) ) ) | |
| Defendant. | ) ) | |

# ORDER

Before the court is Defendant Eric Douglas Clark's Motion for Bail Pending Completion of Appellate Proceedings, ECF No. 141. For the reasons that follow, the motion is granted in part.

*First,* Defendant has identified "a substantial question of law or fact likely to result in reversal" of at least one conviction. 18 U.S.C. § 3143(b)(i). That question is whether the offenses charged under 18 U.S.C. § 1752 required the government prove that Defendant knew the Vice President was or would be temporarily visiting the U.S. Capitol on January 6, 2021. *See United States v. Griffin*, No. 22-3042 (D.C. Circuit) (oral argument held on December 4, 2023).[1] That question remains "substantial," even though Defendant failed to raise it at trial. Defendant would receive the benefit of any new law on direct appeal, *see Henderson v. United States*, 568 U.S. 266, 269 (2013) (holding that an error is "plain" if it is an error at "the time of appellate review"), and his convictions likely would require reversal.

---

[1] The court does not agree that the petition for certiorari in *Alford v. United States*, 23-7158, presents a "substantial question." At issue there is whether a defendant's "mere presence" inside the U.S. Capitol on January 6, 2021, can constitute "disorderly or disruptive conduct" for purposes of § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D). Here, Defendant's conduct amounted to more than "mere presence." At a minimum, a jury reasonably could have concluded that Defendant smoked and chanted while inside the Capitol and encouraged others to remain inside the building. *See* Sentencing Hr'g Tr., ECF No. 156, at 21:16-19.

*Second,* if Defendant's § 1752 convictions are reversed, that outcome is "likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." § 3134(b)(1)(B)(iv). The court sentenced Defendant to concurrent five-month terms on each count of conviction, taking as its starting point a guideline range of 10 to 12 months of incarceration. Sentencing Hr'g Tr. at 17:6-11. If *Griffin* is decided against the government, Defendant would stand convicted of only two six-month misdemeanor offenses, to which the Federal Sentencing Guidelines would not apply. In the absence of a controlling guideline range, a revised sentence of less than five months remains possible. At this juncture, the court will not speculate as to when the D.C. Circuit might decide *Griffin*. It therefore remains a real possibility that *Griffin* will not be decided before a reduced term of imprisonment would expire.

*Third*, the court finds that Defendant has shown by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. *See* § 3143(b)(1)(A). In the three years that Defendant has been on pre- and post-trial release, he has been substantially compliant with his conditions of release. To be sure, Defendant has a meaningful criminal history, but that appears to be a product of his past substance abuse. And Defendant has been drug-free since 2018. The court therefore does not believe that his continued release would pose a risk to any person or the community.

*Finally*, the court finds that Defendant is not taking an appeal for purposes of delay. *See* § 3143(b)(1)(B).

For the foregoing reasons, Defendant's Motion for Bail Pending Completion of Appellate Proceedings, ECF No. 141, is granted insofar as a ruling in *Griffin* remains pending. Defendant

shall remain on release under the same conditions until *Griffin* is decided. Within seven days of *Griffin*'s issuance, the parties shall file a Joint Status Report that proposes next steps in this matter.

Dated: October 1, 2024

Amit P. Mehta
United States District Court Judge